

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5269

Re: Under the facts stated should
the State pay the mileage and
expense account of the Sheriff
of Palo Pinto County for re-
turning Jack Rayburn to Palo
Pinto County?

Your letter of April 28, 1943, requesting an opin-
ion of this department, reads as follows:

"Jack Rayburn was indicted in Palo Pinto
County in 1932 and convicted in 1937. His case
was appealed and thereafter affirmed. Upon ap-
peal he made an appeal bond and was released from
the custody of the Sheriff. When the mandate was
returned by the Court of Criminal Appeals to the
District Court in Palo Pinto County he failed to
surrender himself to the authorities as required
by law. Other facts in connection with the re-
arrest of Rayburn and his habeas corpus proceed-
ings are contained in a letter addressed to this
department April 26 by Sam Cleveland, District
Attorney of Stephenville, Texas, which letter is
attached hereto.

"When John Edmondson, Sheriff of Palo Pinto
County, presented his claim for mileage in return-
ing Rayburn from Harris County to Palo Pinto County
this department refused payment of same on the
ground that the bondsmen were liable for that fee.
Mr. Cleveland claims that this department is in
error in that particular and claims that the bonds-
men were discharged when Rayburn was arrested in
Harris County.

Honorable George H. Sheppard, Page 2

"I will thank you to advise whether or not the State should pay the mileage and expense account of the Sheriff of Palo Pinto County for returning Jack Rayburn to Palo Pinto County under the facts stated in this letter and the attached letter from the District Attorney at Stephenville, Texas."

The letter of the District Attorney of Stephenville, addressed to your department and referred to in your request, after omitting the argumentative portion, reads as follows:

"You have recently had for consideration the account of the sheriff of Palo Pinto County, in which s aid account there was an item relative to conveying Jack Rayburn from Harris County to Palo Pinto County.

"Rayburn was indicted in 1932, convicted in 1937, his case was appealed and thereafter affirmed; and upon the mandate being returned by the Court of Criminal Appeals he was subject to arrest and delivery to the penitentiary authorities. . . .

"Rayburn was recently located in Harris County, and was arrested upon the notice which had been placed in the hands of all officers early in 1938 after his case was affirmed. After his recent arrest he was confined in jail in Harris County, the prison authorities were notified, and they were ready and willing to pick him up in Harris County and convey him to the prison at Huntsville. . . .

". . . .

"On the other hand Rayburn at this stage, had the right to have his case reviewed on his application for a writ of habeas corpus, which he filed in Harris County. . . .

"Upon the filing of his application in Harris County the same was heard by the Court who determined that Jurisdiction was in Palo Pinto County and ordered the case transferred there for final disposition. . . ."

Honorable George H. Sheppard, Page 3

The cost arising out of the returning of Jack Rayburn to Palo Pinto County from Harris County was due to the fact that the said Rayburn had filed his application for a writ of habeas corpus in Harris County and the cause was transferred to Palo Pinto County. His removal was independent and had no connection whatsoever with the main case under which he was convicted or with the mandate of the Court of Criminal Appeals, but his transfer arose solely out of the habeas corpus proceeding.

Article 144, Code of Criminal Procedure, Chapter 7, Title 3, reads as follows:

"When the return of the writ has been made, and the applicant brought before the court, he is no longer detained on the original warrant or process, but under the authority of the habeas corpus. The safekeeping of the prisoner, pending the examination or hearing, is entirely under the direction and authority of the judge or court issuing the writ, or to which the return is made. He may be bailed from day to day, or be remanded to the same jail whence he came, or to any other place of safe keeping under the control of the judge or court, till the case is finally determined."

A habeas corpus proceeding is a proceeding that is independent of the original cause and the costs arising or incurring out of such a proceeding should not be considered as costs of the main case. This point is brought out in the case of McCormick v. Sheppard, 126 Tex. 25, 86 S. W. (2d) 213, in which the court stated as follows:

". . . A writ of habeas corpus lies when a person is restrained of his liberty regardless of the offense charged. A habeas corpus proceeding is independent of the offense charged, . . . We think that proceedings for writs of habeas corpus are to be regarded as in a special class, and the costs incident thereto are not to be regarded as costs in the main case. The state for various reasons is peculiarly interested in protecting the liberty of the individual. In many instances the issuance of the writ is calculated to relieve the state or county from large expense. There is therefore ample consideration to authorize the payment of the fee by the state, . . ."

Honorable George H. Sheppard, Page 4

Since the officers of Palo Pinto County are compensated on a fee basis, and the county having a population of 18,458 according to the last census, Article 1030, Code of Criminal Procedure, Chapter 2, Title 15, is the proper article to consider in determining the fees of its sheriff and constable. This article, in part, provides:

".....

"8. For attending a prisoner on habeas corpus, for each day, four dollars, together with mileage as provided in subdivision 5, when removing such prisoner out of the county under an order issued by a district or appellate judge."

Subdivision 5, referred to in Section 8 of Article 1030, supra, reads in part as follows:

".... provided, that in counties that have a population of less than forty thousand inhabitants, as shown by the preceding Federal census, the following fees shall apply:  For each mile the officer may be compelled to travel in executing criminal process, summoning or attaching witnesses, ten cents; provided, that in no case shall he be allowed to duplicate his mileage when two or more witnesses are named in the same or different writs in any case and he shall serve process on them in the same vicinity or neighborhood, during the same trip, he shall not charge mileage for serving such witness to and from the county seat, but shall only charge one mileage, and for such additional miles only as are actually and necessarily traveled in summoning or attaching each additional witness. When process is sent by mail to any officer away from the county seat or returned by mail by such officer, he shall only be allowed to charge mileage for the miles actually traveled by him in executing such process, and the return of the officer shall show the character of the service and the miles actually traveled in accordance with this subdivision; and his accounts shall show the facts."

When the Court of Harris County transferred the case to Palo Pinto County, it became the court's duty to

Honorable George H. Sheppard, Page 5

deliver the defendant to the sheriff of that county. The sheriff of Palo Pinto County went to Harris County, took Jack Rayburn into custody and transported him to Palo Pinto County.

It is therefore the opinion of this department that the sheriff of Palo Pinto County, under the facts stated, is entitled to fees from the State for his services in returning Jack Rayburn from Harris County to Palo Pinto County as provided in Article 1030, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By **Fred C. Chandler**
Fred C. Chandler
Assistant

By **Robert O. Koch**
Robert O. Koch

FIRST ASSISTANT
ATTORNEY GENERAL

ROK:mp


APPROVED
OPINION
COMMITTEE